IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ASHA ELME,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; *et al.*,<br>Respondents. | No. 2:26-CV-02884-SAB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court are Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, and the parties' Joint Motion for Relief from Deadline to File Traverse Memorandum, ECF No. 9. Petitioner is represented by Benjamin Cornell. Respondents are represented by Lawrence Joel Van Daley, Sr. The Motions were considered without oral argument.

As a preliminary matter, the parties jointly move for relief from the deadline for Petitioner to file a reply memorandum. The Court finds good cause to grant the Motion, and accepts the late filing of Petitioner's reply memorandum.

Petitioner is a citizen and national of Somalia who entered the United States on December 30, 2022. Petitioner was detained by ICE and later released on humanitarian parole in February 2023 after establishing a credible fear of

persecution. In May 2025, Petitioner was placed in the Alternatives to Detention (ATD) program under an Order of Release on Recognizance (OREC).

Petitioner was re-detained by ICE on July 29, 2026, following several ATD violations involving failures to properly report to scheduled check-ins. It does not appear that Petitioner was provided with notice or an opportunity to be heard prior to her re-detention. Petitioner requests the Court order her immediate release, asserting that her underlying re-detention failed to comport with due process. Petitioner further requests that, if her Petition is granted, the Court impose an additional requirement prohibiting ICE from fitting her with an ankle monitor.[1]

Respondents assert Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii), as she was originally released on humanitarian parole, and the statute authorizing such parole authorizes the re-detention of noncitizens after the purposes of parole have been fulfilled.

The discretionary decision to release Petitioner on humanitarian parole and eventually under an OREC supports the conclusion that Petitioner subject to discretionary detention under 8 U.S.C. § 1226. *Aguilar-Graterol v. Warden/facility Adm'r, Nw. Det. Ctr.*, No. 2:26-CV-00997-LK, 2026 WL 1162705, at *4 (W.D. Wash. Apr. 29, 2026); *Del Valle Castillo v. Wamsley*, No. 2:25-CV-02054-TMC, 2025 WL 3524932, at *5 (W.D. Wash. Nov. 26, 2025). Release under an OREC is authorized under § 1226(a)(2)(B), and noncitizens released on an OREC that are later re-detained are subject to § 1226. *Ortega-Cervantes v. Gonzalez*, 501 F.3d 1111, 1115-16 (9th Cir. 2007). Petitioner has no criminal convictions that subject her to mandatory detention under § 1226(c), so she is subject to discretionary detention under § 1226(a).

[1] Petitioner indicates that she was subjected to persecution in Somalia which resulted in heavy scarring on her ankle. Respondents assert that Petitioner was fitted with a wrist monitor instead of an ankle monitor in April 2026.

When determining whether a petitioner held under § 1226(a) has received appropriate due process regarding detention, courts in this District apply the three factor *Mathews* test. *See e.g., Rana v. Bondi*, No. 26-cv-244, 2026 WL 472800, at *3 (W.D. Wash. Feb. 19, 2026). Those three factors are (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards," and (3) the Government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976). When evaluating the third factor, Courts must analyze the governmental function involved, as well as the fiscal and administrative burdens that additional or substitute procedures would require. *Id*. at 335.

A finding in favor of an immigration petitioner under *Mathews* requires immediate release in order to restore the status quo. *See e.g., Rana*, 2026 WL 472800, at *4–5; *Lopez Camacho v. Ice Field Office Director*, No. 2:26-CV-00925-RAJ, 2026 WL 1243459, at *8 (W.D. Wash. May 6, 2026); *K.G.M.Q. v. Bondi*, No. 2:26-CV-00506-TL, 2026 WL 962609, at *12 (W.D. Wash. Apr. 9, 2026); *Kirykovich v. Hernandez*, 26-cv-695, 2026 WL 890459, at *4 (W.D. Wash. Apr. 1, 2026) ("Because the constitutional violation is the absence of pre-deprivation process, the proper remedy is to restore the status quo ante—that is, to return [the petitioner] to the conditions that existed before his unlawful detention."). The status quo is "the last uncontested status which preceded the pending controversy." *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963) (citation omitted).

The *Mathews* factors weigh in favor of Petitioner. First, Petitioner has a protected liberty interest in remaining free from custody, especially since she was released into the community in 2023. Second, the risk of deprivation of liberty is high: it does not appear that Respondents conducted a hearing at the outset of Petitioner's re-detention to determine an individualized risk of flight or danger.

Third, Respondents' interest in re-detaining Petitioner without a hearing is minimal: while holding a hearing would have cost time and money, those costs are outweighed by Petitioner's liberty interests.

As to whether Petitioner should be released, the Court notes that Petitioner's re-detention was the impetus for the pending controversy. Therefore, Petitioner should be released as that was her status prior to re-detention. *See Tanner*, 316 F.2d at 809. Furthermore, having a bond hearing at this stage would not cure the underlying constitutional violation and immediate release is the only way to return the status quo.

As to Petitioner's request to impose an additional requirement prohibiting ICE from fitting her with an ankle monitor, the Court finds it unnecessary to impose the prohibition, as Petitioner was fitted with a wrist monitor at her request in the months before her re-detention.

Accordingly, **IT IS HEREBY ORDERED**:

1. The parties' Joint Motion for Relief from Deadline to File Traverse Memorandum, ECF No. 9, is **GRANTED**.

2. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**.

3. **Within one (1) day of the date of this Order, Respondents shall release Petitioner from immigration detention.** Within two (2) days of the date of this Order, Respondents shall file a certification that Petitioner has been released.

4. Respondents shall not re-detain Petitioner without providing pre-detention notice and affording Petitioner a hearing unless detention becomes statutorily mandated.

//

//

//

5. At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 2nd day of October 2026.



Stanley A. Bastian
United States District Judge